FILED
May 24, 2019
08:50 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| TONYA LYNN STEPHENS, **Employee,** | ) Docket No.: 2018-03-1494 |
| v. | ) |
| QUALITY PRIVATE CARE d/b/a VOLUNTEER STAFFING, INC., **Employer,** | ) State File No. 59534-2016 |
| And | ) |
| BRIDGEFIELD CASUALTY INSURANCE COMPANY, **Carrier.** | ) Judge Lisa A. Lowe |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS
## DECISION-ON-THE-RECORD

---

This matter came before the Court on Ms. Stephens's Request for Expedited Hearing (REH). She asked that the Court issue its decision based on a review of the record without convening an in-person hearing. Quality Private Care (QPC) objected to a record review and requested an in-person hearing. Based on the limited medical issues involved, the Court overruled the objection, issued a Docketing Notice, and gave the parties until May 7 to file objections and/or position statements.

When Ms. Stephens filed her REH, she sought various treatments ordered by her authorized treating physician, Dr. David Newman, including: medial branch blocks; spinal cord stimulator; right shoulder injection; G.I. evaluation; and compounded creams. After she filed the REH, QPC agreed to authorize all of the treatments except the compound creams. Therefore, the legal issue is whether Ms. Stephens is likely to prevail at a hearing on the merits in proving entitlement to the compounded creams. For the reasons set forth below, the Court holds Ms. Stephens would likely prevail and orders QPC to provide the compound creams.

1

## History of Claim

QPC provided in-home nursing for homebound patients and employed Ms. Stephens as a Licensed Practical Nurse. While transferring a patient to a bed in August 2016, Ms. Stephens felt a pop in her left shoulder and experienced pain shooting down her left arm into her wrist and fingers. She also felt pain in her neck, back, left hip, and pain and numbness down her left lower extremity. Ms. Stephens notified her supervisor and wrote a statement that day. She also completed QPC's Statement of Injured Worker's Form.

Ms. Stephens initially underwent conservative treatment, but after continued pain and an MRI, QPC provided a panel of orthopedic surgeons. Ms. Stephens chose Dr. William Hovis, who diagnosed her with a rotator cuff tear and SLAP lesion. He recommended surgery, which he performed in November. Due to Ms. Stephens's post-surgery pain complaints, Dr. Hovis ordered a left shoulder arthrogram and performed another surgery after reviewing the arthrogram results.

After the second surgery, Ms. Stephens experienced sensitivity symptoms, and Dr. Hovis diagnosed possible complex regional pain syndrome (CRPS). He recommended a stellate ganglion block, and Ms. Stephens underwent two of those without much improvement. After Dr. Hovis recommended a third block, Ms. Stephens refused and elected to concentrate on physical therapy. She last saw Dr. Hovis in November 2017, and he referred her for evaluation with a shoulder specialist, Dr. Sean Grace.

Dr. Grace, sent Ms. Stephens for another shoulder MRI. After the MRI, Dr. Grace diagnosed Ms. Stephens with CRPS and recommended evaluation with Dr. Robert Lavelle for possible sympathetic nerve blocks.

Instead of scheduling an appointment with Dr. Lavelle, QPC circulated another panel of physicians. Ms. Stephens chose Dr. David Newman, a pain management specialist, as her authorized physician. Dr. Newman evaluated Ms. Stephens and confirmed her diagnoses of CRPS, lumbar facet syndrome, and dysthymic disorder. As part of his treatment plan, he prescribed various things, including the following compounded creams: Gabapentin, 3%; Ketoprofen, 2%; Lidocaine, 2.5%; Bupivicaine, 2.5%; and Ketamine, 15%.

On April 18, 2018, QPC submitted Dr. Newman's orders to Utilization Review (UR) with Dr. Mahajan, who denied the recommended treatment based on his opinion that Ms. Stephens did not have CRPS. Concerning the compounded creams, Dr. Mahajan noted that topical analgesics are largely experimental and have few trials to determine efficacy and safety. Further, he stated that the compounded creams are primarily recommended when trials of antidepressants and anticonvulsants have failed and there was no indication that the Gabapentin and Cymbalta Ms. Stephens took had failed. On

September 18, 2018, QPC submitted the compounded creams to UR for a second time. Again, Dr. Mahajan found the compounded creams not medically necessary.

Dr. Neman somewhat disagreed with the effectiveness of the Cymbalta. In response to a letter, he wrote that Ms. Stephens's Cymbalta helped with anxiety and sleep but not her pain and that the compounded cream plus her Cymbalta is an effective medication combination for CRPS.

Later, Dr. Newman again recommended a spinal cord stimulator trial, right-shoulder steroid-injection, compounded creams and GI evaluation. QPC submitted the spinal cord stimulator treatment to UR on January 2, 2019, and this time Dr. Mahajan said Ms. Stephens had symptoms consistent with CRPS and that the previously denied spinal cord stimulator trial was now medically necessary and appropriate. Dr. Mahajan's report did not address the medical necessity of Dr. Newman's other recommended treatment.

### Findings of Fact and Conclusions of Law

Ms. Stephens need not prove every element of her claim by a preponderance of the evidence to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must present sufficient evidence to prove she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2018).

Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that "[t]he employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Moreover, "treatment recommended by a physician . . . selected pursuant to [§ 50-6-204(a)(3)] or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee Tenn. Code Ann.§ 50-6-204(a)(3)(H). . . and shall be rebuttable only by clear and convincing evidence that the recommended treatment substantially deviates from the guidelines[.]" Tenn. Code Ann. § 50-6-204(a)(3)(I); *see also Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Aug. 31, 2016).

Here, the panel-selected physician, Dr. Newman, recommended compounded creams to treat Ms. Stephens's symptoms. The UR physician, Dr. Mahajan, originally denied all of Dr. Newman's treatment recommendations, including the compounded creams, because he did not think Ms. Stephens had CRPS, despite the CRPS diagnosis from Drs. Newman, Hovis, and Grace. Upon resubmission, Dr. Mahajan changed his mind and found Ms. Stephens did have CRPS. While he agreed that certain treatments were medically necessary, he did not address the compounded creams.

3

The Court faces conflicting medical opinions from Dr. Mahajan and Dr. Newman. A trial judge "has the discretion to conclude that the opinion of one expert should be accepted over that of another expert." *Bass v. The Home Depot U.S.A., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (May 26, 2017). As stated by the Tennessee Supreme Court, "When faced . . . with conflicting medical testimony . . . it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (internal quotation marks omitted).

Dr. Mahajan reviewed Ms. Stephens's medical records and consulted treatment guidelines but never personally evaluated her. In contrast, Dr. Newman has been treating Ms. Stephens since April 13, 2018. Moreover, as the panel-selected authorized treating physician, Dr. Newman's treatment recommendations enjoy a presumption of being medically necessary. The Court concludes Dr. Newman is in the better position to make treatment recommendations for Ms. Stephens and that Dr. Mahajan's April 18, 2018 UR report fails to rebut those recommendations by clear and convincing evidence. In fact, QPC did not ask Dr. Mahajan's opinion about the compounded creams after he concluded that Ms. Stephens does in fact have CRPS.

A UR denial decision remains effective for six months, which means Dr. Mahajan's second September 18, 2018 denial was in effect until March 18, 2019, under Rule 0800-02-06.06 (7)(a) of the Tennessee Compilation Rules and Regulations. On April 1, 2019, it appears that Dr. Newman again prescribed the compounded creams. QPC did not provide a UR decision following that order. Therefore, Dr. Newman's compounded cream treatment-recommendation is presumed medically necessary.

Based on this, this Court concludes Ms. Stephens presented sufficient evidence that she is likely to prevail at a hearing on the merits in proving entitlement to the recommended compounded creams.

**IT IS, THEREFORE, ORDERED** as follows:

1. Quality Private Care shall provide Ms. Stephens with the compounded creams recommended by Dr. David Newman.

2. This matter is set for a Scheduling Hearing on **July 8, 2019, at 10:30 a.m. Eastern Time**. The parties must call (865) 594-0109 or (toll-free) (855) 383-0003 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry

4

of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

**ENTERED on May 24, 2019.**

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

The Court reviewed the following documents:

1. Petition for Benefit Determination
2. First Report of Work Injury
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Tonya Lynn Stephens's Exhibit List
6. Affidavit of Tonya L. Stephens with handwritten statement and Summit's Statement of Injuries Form
7. Medical Records of Dr. William Hovis
8. Medical Records of Dr. Sean Grace
9. Medical Records of Dr. David Newman
10. Utilization Review Determination of Dr. Nakal Mahajan, dated April 18, 2018
11. Questionnaire to Dr. David Neman, dated November 7, 2018
12. Opinion of Dr. David Newman, dated December 5, 2018
13. Correspondence of Attorney Kohlbusch
14. January 3, 2019 Utilization Review Determination of Dr. Nakal Mahajan
15. Affidavit of Attorney Jay Kohlbusch
16. QPC's Objection to Request for Decision on the Record
17. Order Overruling Objection to On-The-Record Determination
18. QPC's Amended Objection to On-The-Record Determination
19. Response to QPC's Amended Objection, including Ms. Stephens's Request for Attorney's Fee
20. Order Overruling Amended Objection to On-The-Record Determination
21. QPC's Response to Expedited Hearing Brief
22. Table of Contents for and various medical records provided by QPC
23. Amended Docketing Notice for On-The-Record Determination

24. Employee's Response to Employer's Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on May 24, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jay Kohlbusch, Employee's Attorney | | | X | Kohlbuschlaw@hotmail.com |
| Nicholas J. Peterson, Amy Brown, Employer's Attorneys | | | X | nick.peterson@petersonwhite.com<br>amy.brown@petersonwhite.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee


Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___


[Signature of appellant or attorney for appellant]        _____


LB-1099    rev. 10/18                          Page 2 of 2                          RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                              RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month       Telephone       $ _____ per month

Electricity      $ _____ per month       School Supplies $ _____ per month

Water            $ _____ per month       Clothing        $ _____ per month

Gas              $ _____ per month       Child Care      $ _____ per month

Transportation   $ _____ per month       Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____       (FMV) _____

Other                   $ _____       Describe: _____

11. My debts are:

Amount Owed                     To Whom

_____             _____

_____             _____

_____             _____

_____             _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____